UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DOUGLAS K. LAFLEUR | : | DOCKET NO. 11-cv-647 |
| VERSUS | : | JUDGE MINALDI |
| TONY MANCUSO | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

On April 26, 2011, plaintiff Douglas LaFleur filed a *pro se* complaint against Tony Mancuso, Sheriff of Calcasieu Parish, Louisiana, claiming he was terminated from service unlawfully. Doc. 1. Summons was issued and returned executed. Docs. 2, 3. After the court denied defendant's Motion for More Definite Statement, defendant answered and a scheduling conference was fixed. Docs 6-8. A Rule 26(f) Report was filed by defendant prior to the conference but without participation by plaintiff. Doc. 9.

On October 6, 2011, the scheduling conference was rescheduled for October 20, 2011, as the record was not clear that plaintiff had received notice of the conference scheduled that date. On that date the court issued instructions to the clerk that notice be mailed to the plaintiff at the address given by him in his complaint. Doc. 10.

The scheduling conference was held as scheduled and plaintiff participated. Doc. 11. The minutes of that conference show as follows:

> It was explained to Mr. LaFleur, who is representing himself, that it is incumbent upon him to be aware of and abide by the various orders and rules of the court and that neither chambers, defense counsel, nor the clerk could provide legal advice to him. It was also explained to him that it is his responsibility to be certain that the clerk of court has all current contact

>information for him and that he is to advise the clerk should his contact information should [sic] change. Mr. LaFleur indicated to the court that he understood.

*Id.* In that same conference this matter was set for bench trial before Judge Minaldi on April 30, 2012, at 10:00 a.m.

On January 30, 2012, defendant filed a Motion to Compel[1]. Doc. 13. In that motion defendant alleges that he propounded discovery on the plaintiff on or about December 16, 2011, but that the envelope in which the discovery was sent was returned to the defendant marked "Unclaimed." Doc. 12, Att. 4. Counsel for mover attached a certificate to the motion as required by Local Rule 37.1 and certified therein that attempts had been made to contact plaintiff telephonically and that a person answering the telephone number provided by plaintiff stated that plaintiff did not reside at that address. Doc. 12, Att. 6. Counsel claimed he left his telephone number with the person answering with a message for plaintiff to return the call but that the call had not been returned. A hearing on the Motion to Compel was set before the Magistrate Judge in open court for February 22, 2012. Doc. 15.

A hearing was held on the Motion to Compel on February 22, 2012. Doc. 16. Plaintiff did not appear but was ordered to respond to the discovery by March 23, 2012, and the trial date of April 30, 2012, was continued. On that same date a new scheduling conference was filed for April 5, 2012, at 11:00 a.m. Doc. 17. Plaintiff failed to participate in the April 5, 2012, scheduling conference. Doc. 18.

When a plaintiff does not prosecute his case it is proper for his complaint to be dismissed by the court *sua sponte*. *See* FED. R. CIV. P 41(b); *Chamber v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962)). Given this plaintiff's

---

[1] Defendant also filed a Motion for Extension of Dispositive Motion Deadline on this date suggesting his inability to file dispositive motions related to his inability to obtain responses to discovery. That motion was mooted by this court's order continuing the April 2012 trial date at a hearing held February 22, 2012. Doc 16.

failure to abide by the rules of this court and his contumacious ignorance of the direct orders of this court, it is recommended that dismissal of the claim would be in order.

It is **THEREFORE RECOMMENDED** that plaintiff's claims against defendant Tony Mancuso be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to LR41.3W, plaintiff is allowed ten calendar days from the mailing of this notice to file evidence of good cause for failure to act. Additionally, under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 9th day of April, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE